Ex. C-2
9-15-15



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700      (973) 645-2700
Newark, New Jersey 07102

ASP/PL AGR
2013R00080

May 19, 2015

Florian Miedel, Esq.
Miedel & Mysliwiec LLP
111 Broadway
Suite 1401
New York, NY 10006

      Re: <u>Plea Agreement with Vladimir Drinkman</u>

Dear Mr. Miedel:   Cr # 09-626-02

      This letter sets forth the plea agreement between your client, Vladimir Drinkman, and the United States Attorney for the District of New Jersey and the Criminal Division of the United States Department of Justice ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Vladimir Drinkman to Counts One and Two of the Second Superseding Indictment, Criminal No. 09-626, charging him, in Count One, with conspiracy to commit the unauthorized access of protected computers, contrary to 18 U.S.C. § 1030 and in violation of 18 U.S.C. § 371, and, in Count Two, with conspiracy to commit wire fraud in a manner affecting a financial institution, contrary to 18 U.S.C. § 1343 and in violation of 18 U.S.C. § 1349. If Vladimir Drinkman enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vladimir Drinkman for his involvement in a conspiracy spanning from in or about December 2003 through in or about July 2012, to hack into the computer networks of multiple corporate entities for the purpose of stealing sensitive personal and financial data, such as credit and debit card numbers and related personally identifiable information and to profit from the sale of the stolen data. In addition, if Vladimir Drinkman fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will

move to dismiss Counts Three through Eleven of the Second Superseding Indictment, Criminal No. 09-626, against Vladimir Drinkman. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vladimir Drinkman agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vladimir Drinkman may be commenced against him, notwithstanding the expiration of the limitations period after Vladimir Drinkman signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Vladimir Drinkman agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 18 U.S.C. § 1349 to which Vladimir Drinkman agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Vladimir Drinkman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vladimir Drinkman ultimately will receive.

Further, in addition to imposing any other penalty on Vladimir Drinkman, the sentencing judge: (1) will order Vladimir Drinkman to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Vladimir Drinkman to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Vladimir Drinkman, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C)

and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Vladimir Drinkman to serve a term of supervised release of not more than three years on Count One of the Second Superseding Indictment, and not more than five years on Count Two of the Second Superseding Indictment, which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Vladimir Drinkman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vladimir Drinkman may be sentenced to not more than two years' imprisonment on Count One of the Second Superseding Indictment, and three years' imprisonment on Count Two of the Second Superseding Indictment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vladimir Drinkman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vladimir Drinkman's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Vladimir Drinkman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Vladimir Drinkman from any other portion of this

agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Vladimir Drinkman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Vladimir Drinkman understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Vladimir Drinkman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Vladimir Drinkman wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Vladimir Drinkman understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Vladimir Drinkman waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Criminal Division of the United States Department of Justice, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vladimir Drinkman. This agreement does not prohibit the United

- 4 -

States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Vladimir Drinkman.

No provision of this agreement shall preclude Vladimir Drinkman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Vladimir Drinkman received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Vladimir Drinkman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney
District of New Jersey

By: ANDREW S. PAK
Assistant U.S. Attorney
District of New Jersey

RICHARD D. GREEN
Senior Trial Attorney
Computer Crimes and Intellectual
 Property Section
Criminal Division, U.S. Department
 of Justice

APPROVED:

GURBIR S. GREWAL
Unit Chief, Economic Crimes

- 5 -

I have received this letter from my attorney, Florian Miedel, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 06/03/2015
Vladimir Drinkman


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 6/3/15
Florian Miedel, Esq.

## Plea Agreement With Vladimir Drinkman

## Schedule A

1. This Office and Vladimir Drinkman recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Vladimir Drinkman nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vladimir Drinkman within the Guidelines range that results from the total Guidelines offense level set forth below, except as provided on paragraph 14. This Office and Vladimir Drinkman further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, except as provided in paragraph 14.

2. The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case.

3. Count One, violation of 18 U.S.C. § 371, and Count Two, violation of 18 U.S.C. § 1349, group together pursuant to U.S.S.G. § 3D1.2(d) (the "Group"). Accordingly, the applicable offense level for the Group is the offense level corresponding to the aggregated quantity of harm or loss in accordance with Chapter Two and Parts A, B, and C of Chapter Three of the Sentencing Guidelines. U.S.S.G. § 3D1.3

4. The applicable guideline for the Group is U.S.S.G. § 2B1.1.

5. The Base Offense Level for the Group is 7 because Count Two relates to an offense referenced to U.S.S.G. § 2B1.1, and carries a statutory maximum term of imprisonment that is more than 20 years. U.S.S.G. § 2B1.1(a)

6. The aggregate loss amount for the Group more than $200,000,000 but not more than $400,000,000. The offense level is therefore increased by 28 levels. U.S.S.G. § 2B1.1(b)(1)(O).

7. The offenses involved 250 or more victims. The offense level is therefore increased by 6 levels. U.S.S.G. § 2B1.1(b)(2)(C).

8. A substantial part of the fraudulent scheme was committed from outside the United States and the offenses otherwise involved sophisticated means. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(10).

9. The offenses involved the trafficking of unauthorized access devices and authentication features. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(11).

10. Accordingly, the applicable offense level for the Group is 45.

11. As of the date of this letter, Vladimir Drinkman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Vladimir Drinkman's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Vladimir Drinkman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Vladimir Drinkman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Vladimir Drinkman enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Vladimir Drinkman's acceptance of responsibility has continued through the date of sentencing and Vladimir Drinkman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Vladimir Drinkman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Vladimir Drinkman is 42 (the "agreed total Guidelines offense level").

14. Vladimir Drinkman reserves his right to seek a downward variance based upon his personal history and characteristics in accordance with 18 U.S.C. § 3553(a)(1). The United States reserves the right to oppose any such request. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

15. Vladimir Drinkman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total

Guidelines offense level of 42. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 42. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.