[Dkt. Nos. 139 and 146]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        v.                          : Crim. No. 09-626-02 (RMB)
                                    :
                                    : **OPINION**
VLADIMIR DRINKMAN                   :
_____ :

This matter comes before the Court upon Defendant Vladimir Drinkman's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant Drinkman is currently serving his sentence at Allenwood Low Prison in Allenwood, Pennsylvania. His projected release date is December 8, 2022. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On September 15, 2015, Defendant pled guilty to conspiracy to commit unauthorized access to protected computers, in violation of 18 U.S.C. § 371, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On February 15, 2018, the Court sentenced Defendant to a combined term of 144 months in prison.

In his motion, Defendant contends that he has a history of asthma, bronchitis and rhinosinusitis. In support, he submits a

1

document allegedly written by a Russian state hospital. Of note, those documents show the latest hospitalization for pneumonia and bronchitis as being in 2010. It is this fact that causes the Government to question why the BOP's medical records contain <u>no</u> mention of history of Defendant's alleged conditions. The Government further argues that the prison records actually show that on multiple occasions, Defendant denied having respiratory problems and, on certain occasions, even denied having a history of respiratory problems. [Dkt. No. 143, at 3]. Those records are attached to the Government's opposition.

Defendant states (through his counsel) that when he was extradited to the United States in 2015 he informed a BOP nurse of his diagnosis of bronchitis but the nurse did not note the diagnosis in medical records. [Dkt. No. 140-1, at 5]. Defendant does not adequately address the Government's observations that the BOP records since Defendant's arrival to this country are void of any mention of a diagnosis or condition of asthma, bronchitis, or rhinosinusitis.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, <u>Dillon v. United States</u>, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

2

and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory

3

requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant Drinkman has exhausted his administrative remedies.  United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a)

4

factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

   (I)  suffering from a serious physical or medical condition,

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

>   (II)  suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

   Here, Defendant does not adequately address whether he truly possesses s medical condition(s) that are considered COVID-19 risk factors.  The fact that the Government introduced evidence that Defendant's BOP medical records makes no mention of the alleged conditions, and that Defendant has not sufficiently this glaring omission, is troubling.

   Moreover, Defendant has not even attempted to address why he merits release under the § 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694

6

(5th Cir. 2020).  Should he wish for the Court to consider these factors, he may file such motion.

The Court does not take lightly Defendant's fear of contracting COVID-19.  Here, however, the Court is aware from the numerous requests it has received that the BOP is taking measures to contain the spread of COVID-19.[2]  To the extent Defendant seeks to address the BOP'a measures, which he has not done so, he may file such motion.

The Motion is therefore DENIED.

The Court will also enter an Order granting, in part, the motions to seal.  [Dkt. Nos. 139, 146].  The Motion for Home Confinement is denied because the BOP is solely responsible for the determination of place of incarceration.  See 18 U.S.C. 3621(b).

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated:  December 15, 2020

---

[2] At present, there are 83 confirmed cases of COVID-19 among inmates and 8 confirmed cases of COVID-19 among staff at FCI Allenwood Low.  See www.bop.gov/coronavirus (last visited December 11, 2020).

7