

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*          973-645-2700
*Newark, New Jersey 07102*

February 11, 2021

The Honorable Renee Marie Bumb
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      Re:    *United States* v. *Vladimir Drinkman*, Crim. No. 09-626 (RMB)

Dear Judge Bumb:

      The Government respectfully submits this letter in opposition to Vladimir Drinkman's motion for reconsideration of the Court's denial of his compassionate release petition. *See* ECF No. 151. The Court should deny the motion, as Mr. Drinkman has not provided medical records demonstrating that he suffers from certain medical conditions, and he has now received two doses of a COVID-19 vaccine.

      **Relevant Background**. Drinkman previously petitioned the Court for compassionate release on the ground that he was at heightened risk from COVID-19 due to numerous medical conditions. *See* ECF No. 140. The Government opposed the petition because Drinkman failed to demonstrate that he suffered from those conditions, particularly in light of contrary BOP medical records. *See* ECF No. 143. The Court denied the petition, primarily citing Drinkman's failure to carry his evidentiary burden. *See* ECF No. 147 at 2, 6. Drinkman now moves for reconsideration. He has submitted affidavits from family members attesting to his medical history and emphasized that COVID-19 cases have increased at his facility. *See* ECF No. 154. Drinkman's attorney also averred that he anticipated receiving Russian medical records that would show Drinkman's conditions, but later informed the Court that he was unable to obtain such records. *See* ECF No. 154 at 9; ECF No. 156. On February 8, 2021, BOP informed the Government that Drinkman has now received the first and second doses of the Moderna COVID-19 vaccine (on January 5, 2021, and February 4, 2021, respectively). *See* Gov. Ex. B.[1]

---

[1] To protect Drinkman's privacy, the Government is not filing this medical record on the docket. The Government will provide defense counsel with a copy via e-mail and send the Court a hard copy.

**Legal Framework**.  A "party seeking reconsideration must show more than a disagreement with the [c]ourt's decision."  *P. Schoenfeld Asset Mgmt. LLC,* v. *Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (internal quotations and citations omitted).  A movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *See United States* v. *Gonzalez*, 2021 WL 83394, at *2 n.2 (D.N.J. Jan. 8, 2021) (quoting *Max's Seafood Café* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* D.N.J. L.Civ.R. 7.1(i) (movant must identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked").  Reconsideration is thus "an extraordinary remedy, [and] requests pursuant to these rules are to be granted 'sparingly.'"  *See Gutierrez* v. *Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *Maldonado* v. *Lucca*, 636 F. Supp. 621 (D.N.J. 1986)).

**The Motion for Reconsideration.**  Drinkman asks for reconsideration by arguing, *inter alia*, that: (1) several courts have held that courts need not consider the U.S. Sentencing Guidelines when deciding what constitutes an extraordinary and compelling circumstance justifying a sentencing reduction, ECF No. 154 at 4-7; (2) Drinkman demonstrated that he suffers from medical conditions that put him at an increased risk, particularly in light of an increase in COVID-19 cases at Drinkman's facility, *id.* at 7-12; and (3) the Section 3553(a) factors cut in favor of his release.  *Id.* at 12-14.  The Government submits that each contention is inapposite or otherwise does not justify reconsideration.

***First***, Drinkman cites several cases for the proposition that courts are not confined to Guidelines policy when deciding what constitutes an extraordinary and compelling reason for release.  That legal argument appears inapposite here.  Although the Court discussed the Guidelines policy when evaluating whether Drinkman had shown an extraordinary and compelling justification, the Court did not conclude that the cited medical conditions fell outside U.S.S.G. § 1B1.13.  The Court instead found that Drinkman failed to "adequately address <u>whether he truly possesses</u> [] medical condition(s) that are considered COVID-19 risk factors."  *Id.* at 6 (emphasis added).  In other words, the deficiency was factual, not legal.  Even if the identified legal issue had impacted the Court's decision, none of the cases that Drinkman now cites are new decisions from the Third Circuit or U.S. Supreme Court, and thus none constitute an intervening change in controlling law.

***Second***, Drinkman asserts that he met his evidentiary burden of showing that he was at an increased risk from COVID-19.  The Government maintains that Drinkman's two-page, predominantly handwritten record was inadequate under these circumstances, particularly in light of contrary and more recent BOP records.  *See* ECF No. 143 at 2-3.  Drinkman sought to remedy the factual deficiency in the petition by obtaining affidavits from his former spouse and

family members, and averred that he anticipated receiving confirmatory Russian medical records.  Although the family members' affidavits were not "previously unavailable" as required on a reconsideration motion, the Government did not discount them and was prepared to review any primary medical records provided (which the Government requested throughout the litigation of this petition).  Unfortunately, defense counsel was unable to obtain such records.

The adequacy of the defense's factual submission on this issue has become supplanted by the fact that **Drinkman has now received two doses of Moderna's COVID-19 vaccine**.  According to the CDC, "Based on evidence from clinical trials, the Moderna vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who received two doses who had no evidence of being previously infected."[2]  Even accepting as true Drinkman's claim that he was at an increased risk if he contracts COVID-19, his inoculation substantially lessens his risk of contracting the virus.  *See United States* v. *Ballenger*, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause Ballenger has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").  This factual development also moots Drinkman's related claims regarding Dr. Gafanovich's declaration,[3] obesity,[4] the *Ferizi* matter,[5] and increased COVID-19 cases at his facility.[6]

---

[2]     www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html.

[3]     Drinkman asserts that the Court "ignored" the submission by Dr. Gafanovich.  ECF No. 154 at 8.  Dr. Gafanovich appears to have reviewed the defense's medical record and stated that according to it, Drinkman suffered from conditions that put him at an increased risk, justifying release.  Decl. at ¶ 8-14.  Dr. Gafanovich did not examine Drinkman, nor expressly opine on the authenticity/adequacy of the record.  The declaration therefore did not address the factual deficiency that prompted the Court's denial of the petition.

[4]     Drinkman asserts that his Body Mass Index (BMI) is 31.8, putting him at an increased risk.  ECF No. 154 at 10-11.  Drinkman does not cite any factual support for that claim, and no claim regarding obesity was made in Drinkman's original petition; it was first mentioned in a reply footnote.  More importantly, this claim is contracted by BOP's medical records.  *See, e.g.*, Gov. Ex. A at 35 (Feb. 2020, "Obese: No.").

[5]     Drinkman urged that his petition was "remarkably similar" to that of Ardit Ferizi.  *See* E.D. Va. Docket No. 16-cr-042.  But there, the petitioner cited BOP medical records, and the existence of the petitioner's medical conditions was not disputed.  *See generally* ECF Nos. 89 at 12-14; 105 at 4.  The case thus has little bearing on the primary issue here.

[6]     Drinkman emphasized a "major outbreak" at Allenwood Low, asserting that 152 inmates and nine staff were infected.  Fortunately, the outbreak appears to have subsided.  According to today's estimates as reported to the BOP website, there is one inmate and zero staff members infected at Allenwood Low FCI.  *See* https://www.bop.gov/coronavirus/.

***Third***, the Court should not engage in a Section 3553(a) analysis on this motion.  As explained in the Government's initial opposition, because Drinkman did not demonstrate that he suffers from the cited medical conditions, there was no legal basis to revisit the prior Section 3553(a) analysis; that conclusion is only furthered now that Drinkman has been inoculated against the virus.

\* \* \*

For all these reasons, the Government respectfully recommends that the Court deny the pending motion.  Thank you for your consideration.

Respectfully submitted,

RACHAEL HONIG
Acting United States Attorney

/s/ Matthew Feldman Nikic

By:  Matthew Feldman Nikic
Assistant U.S. Attorney